Filed 9/3/25  P. v. Mandujano CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064433 |
| v. | (Super. Ct. No. 20CF2290) |
| ARMANDO ANTHONY MANDUJANO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

This is an appeal from a postjudgment order denying defendant Armando Anthony Mandujano's petition for resentencing under Penal Code section 1172.6.[1] In April 2021, Mandujano pleaded guilty to two counts relating to an attempted murder and admitted the enhancements were true. In 2024, the court considered Mandujano's petition for resentencing. The court denied the petition at the prima facie stage, declining to issue an order to show cause.

Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230.) After his counsel filed the brief requesting review pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we issued an order granting Mandujano 30 days to file a supplemental brief on his own behalf. No supplemental brief was received.

In the interests of justice, this court has reviewed the record and found no arguable issues. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].) Thus, we affirm the trial court's postjudgment order.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Because this case arises out of a plea bargain, we do not have a detailed factual record. On August 21, 2020, the Orange County District Attorney charged Mandujano with two counts and related sentence enhancements arising out of an incident on June 23, 2020. In count one, the complaint alleged attempted murder (§§ 664/187, subd. (a)) and further alleged that Mandujano personally inflicted great bodily injury (§ 12022.7, subd. (a)), and personally used a deadly weapon, a knife (§ 12022, subd.

---

[1] Subsequent statutory references are to the Penal Code.

2

(b)(1)). In count two, the complaint alleged assault with a deadly weapon, a knife (§ 245, subd. (a)(1)), and further alleged Mandujano personally inflicted great bodily injury (§ 12022.7, subd. (a)).

In April 2021, Mandujano signed a plea form in which he agreed to plead guilty to the charged counts and admit the enhancements. The factual basis for the plea stated: "6/23/20, I willfully and unlawfully stabbed John Doe three times with a knife and I intended to kill him. I personally inflicted great bodily injury to John Doe." The court imposed a sentence of seven years on count one, plus three years for the great bodily injury enhancement, and stayed sentence as to count two. The remaining enhancements were stricken. Accordingly, the total sentence was 10 years.

In 2024, Mandujano filed a form petition seeking resentencing pursuant to section 1172.6. The prosecution filed a response, arguing Mandujano had not sustained his prima facie burden.

At the time of the hearing, both parties submitted on their moving papers. The court denied Mandujano's petition in a written order, stating: "There has been no showing of a prima facie case that petitioner was convicted under any now-void legal theory of Attempted Murder as described in section 1172.6 of the Penal Code." The court further stated: "It's noteworthy the plea came after the legislation of this petition came into law."

Mandujano filed the instant appeal.

DISCUSSION

When a defendant's counsel identifies no arguable issues on appeal, an appellate court independently reviews the record for arguable issues. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say

3

that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

On January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015, §4; Senate Bill 1437) went into effect. That law "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule" by amending sections 188 and 189. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) Senate Bill 1437 also adopted section 1170.95 (now known as section 1172.6, and referred to as such throughout), which permitted those murderers convicted under the former versions of sections 188 and 189 to seek resentencing. (*Ibid.*)

Mandujano's crime, the felony complaint, and plea agreement all took place after this change in law went into effect. The petition for resentencing alleged that a complaint was filed against him that allowed the prosecution to proceed on now-invalid theories, including felony murder, murder under the natural and probable consequences doctrine, or imputed malice based on participation in a crime. He also alleged he "could not presently be convicted of murder or attempted murder because of changes made to [sections] 188 and 189, effective January 1, 2019," citing section 1172.6, subdivision (a)(3).

The timeline here is dispositive. Senate Bill 1437 went into effect on January 1, 2019, more than two years before Mandujano pleaded guilty in April 2021.

4

In *People v. Reyes* (2023) 97 Cal.App.5th 292, 298, the court reviewed a similar situation, where a defendant had pleaded no contest to a second degree murder charge in 2021. The court noted: "[A] petitioner must allege that he could not presently be convicted of murder (or its attempt) 'because of changes' brought by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) This language demonstrates that appellant's petition was properly denied. Appellant was not convicted under the prior law, which permitted a theory of murder based on imputed malice. Instead, he entered his change of plea in 2021 with the advice and consent of legal counsel. When appellant entered his change of plea, the now invalid theories of murder liability had already been eliminated. Consequently, appellant has already received the benefits of Senate Bill No. 1437." (*Id.* at p. 298; see *People v. Lezama* (2024) 101 Cal.App.5th 583, 587–590.)

The same is true here. When Mandujano pleaded guilty, the now invalid theories of murder were already no longer good law. Accordingly, his allegation that he was convicted under one of those invalid theories must also fail.

DISPOSITION

The trial court's postjudgment order denying Mandujano's section 1172.6 petition is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


GOODING, J.


SCOTT, J.